Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Ph: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Juan L. Solis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan L. Solis, | ) Case No. |
| Plaintiff, | ) |
| v. | ) COMPLAINT |
| | ) (Fair Credit Reporting Act |
| Trans Union LLC and | ) 15 USC § 1681 et seq) |
| Fed Loan Servicing, | ) |
| | ) DEMAND FOR JURY TRIAL |
| Defendants. | ) |

**Preliminary Statement**

1.     This is an action for damages by plaintiff Juan L. Solis against Trans Union, LLC and

Fed Loan Servicing for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*.  (FCRA)

and the California Credit Reporting Agencies Act (CCRAA), Civil Code § 1785.25(a).

**The Parties**

2.      Plaintiff Juan L. Solis is a resident of Emeryville, California.

3.     Defendant Trans Union, LLC ("TU") is a limited liability company that regularly

conducts business in this district and is a national credit reporting agency the activities of which are

subject to the terms of the FCRA.

4.    Defendant Fed Loan Servicing is a Pennsylvania corporation with its principal place of business in Harrisburg, PA. Fed Loan Servicing was established by the Pennsylvania Higher Education Assistance Agency to support the U.S. Department of Education's ability to service student loans owned by the federal government. According to its website, Fed Loan Servicing is one of a limited number of organizations approved by the U.S. Department of Education to service these loans and it is dedicated to supporting borrowers with easy and convenient ways to manage their student loans.

### Jurisdiction & Venue

5.    The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

6.    The defendants do business in this district.

### Description of the Case

7.    Defendant Trans Union LLC has mixed plaintiff Juan L. Solis' credit files with those of his father and mother, whose names are Jorge Solis and Juanita Solis. The accounts that are mixed are student loans serviced by defendant Fed Loan Servicing.

8.    Plaintiffs' parents filed a Chapter 7 bankruptcy proceeding on May 4, 2012, in the U.S. Bankruptcy Court in the Eastern District of Michigan. Their petition listed two Fed Loan Servicing accounts, represented student loans as to which plaintiff's parents had co-signed.

9.    Plaintiff has never filed a bankruptcy proceeding.

10.    Beginning on May 31, 2012, and continuing to date, defendant Fed Loan Servicing has been reporting to Trans Union LLC that plaintiff filed a Chapter 7 bankruptcy on nine (9) Fed Loan Servicing student loans. Plaintiff took out the loans in amounts that varied from $1,750 to $12,000 in the period June 2008 to August 2009.

11.     Trans Union LLC' reporting on plaintiff's accounts is ridiculous on its face. The only accounts that Trans Union LLC is reporting are affected by a Chapter 7 bankruptcy proceeding are the nine Fed Loan Servicing accounts. Plaintiff has many other accounts that Trans Union is reporting are not affected by a bankruptcy proceeding. Anyone the least bit conversant with the bankruptcy laws would know that when an individual files bankruptcy, all of his or her pre-petition debts are included in bankruptcy. Plus, the instances when an individual can successfully zero out students loans are extremely rare. In other words, any sensible analyst looked at plaintiff's Trans Union credit report would know the Fed Loan Servicing accounts were being reported inaccurately.

12.     Plaintiff talked by telephone with representatives of Trans Union in June 2012; on four (4) occasions on August 10, 2012; on December 3, 2012; and on August 15, 2013. During the plaintiff explained in detail that Trans Union's reporting on the Fed Loan Servicing loans was inaccurate and that he had never filed bankruptcy.

13.     Plaintiff talked by telephone with representatives of defendant Fed Loan Servicing on August 10, 2012, November 28, 2012; and on August 15, 2013. In these conversations, plaintiff explained that its reporting to Trans Union was inaccurate. He explained he had never filed bankruptcy. The Fed Loan Servicing said plaintiff's file included a "note" that he had filed bankruptcy. The representative said he or someone would get back to plaintiff, but to date no one has done so.

14.     On August 19, 2013, plaintiff talked to a representative of Trans Union. In the conversation, plaintiff explained that its credit reporting was inaccurate. Plaintiff followed up the conversation with a letter the next day to Trans Union.

15.     Plaintiff talked to a Fed Loan Servicing representative on August 30, 2013, again explaining he had never filed a bankruptcy proceeding.

16.     Plaintiff's student loans were completely paid of through a loan consolidation done by the U.S. Department of Education.  Equifax and Experian reported the loans as repaid and/or

refinanced on May 2013, when they were paid off by the consolidation loan.  TransUnion continued
to report them as discharged in bankruptcy.

17.     Plaintiff applied for and was denied loans and extensions of credit based on
defendants' inaccurate credit reporting.

18.     As a result of defendants' conduct, plaintiff has suffered actual damages in the form of
(a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in
the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will
continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

**First Claim: Violations of the Fair Credit Reporting Act—Against Trans Union**

19.     Plaintiff incorporate by reference ¶¶ 1 through 18.

20.     The Fair Credit Reporting Act provides that if the completeness or accuracy of any
item of information contained in a consumer's file at a consumer reporting agency is disputed by the
consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a
reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the
item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)
(A).

21.     In conducting its reinvestigation of disputed information in a consumer report, the
credit reporting agency is required to "review and consider all relevant information submitted by the
consumer."

22.     Within the two years preceding the filing of this complaint, Plaintiffs notified TU of
inaccuracies contained in its reports and asked it to correct the inaccuracies.

23.     Trans Union failed to conduct a reasonable reinvestigation of the inaccuracies that
Plaintiffs disputed.

24.     Trans Union failed to review and consider all relevant information submitted by
Plaintiff.

25.     Trans Union failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

26.     As a result of the above-described violations of § 1681i and § 1681e(b), plaintiff has sustained damages.

27.     Trans Union's violations of the FCRA were willful and therefore plaintiffs is therefore entitled to also seek statutory and punitive damages.

**Second Claim: Violations of the Fair Credit Reporting Act—Against Fed Loan Servicing**

28.     Plaintiff incorporates by reference ¶¶ 1-27.

29.     The FCRA requires a furnisher such as Fed Loan Servicing, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

30.     Within the last two years, the defendant provided inaccurate and misleading information to the credit reporting agencies.

31.     The defendant violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

(c) willfully and negligently failing to report the results of investigations to Trans Union;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(f) willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence plaintiff submitted to defendants that proved that the information concerning plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies;

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

32.   As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Third Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Fed Loan Servicing**

33.   Plaintiff incorporates by reference ¶¶ 1-32.

34.   California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

35.   The defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

36.   The defendant failed to make corrections to the information it was furnishing to the credit reporting agencies.

37.   The defendant failed to provide a notice to the credit reporting agencies that the information it was providing was disputed.

38.     Based on these violations of Civil Code § 1785.25 (a), (b) & (c), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1.     Actual, statutory and punitive damages;

2.     Injunctive relief;

3.     Costs and attorney's fees; and

4.     Such other relief as the Court may deem proper.

Dated: September 4, 2013.

ANDERSON, OGILVIE & BREWER LLP

By   */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: September 4, 2013.

ANDERSON, OGILVIE & BREWER LLP

By   */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff